UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE RAY CALHOON, Plaintiff, v. STATE OF CALIFORNIA; 8185 PALMETTO AVE LLC dba "The Orchards Apartments"; DOES 1-100, Defendants. | Case No.: 3:25-cv-3660-CAB-BJW **ORDER DISMISSING FIRST AMENDED COMPLAINT** |

Plaintiff Ernie Ray Calhoon ("Plaintiff" or "Calhoon") has filed a first amended civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 19 ("FAC").] The FAC alleges that Calhoon attempted to canvass for signatures as a candidate for state legislative office but that Defendant 8185 Palmetto Ave LLC ("the Orchards")—a low-income 55+ housing complex— and several Defendant Does prevented him from doing so in violation of his constitutional rights. [FAC at 3–4.]

In response to Calhoon's original complaint, which named only the Orchards as a defendant, the Court *sua sponte* ordered Calhoon to show cause as to this Court's jurisdiction. [Doc. No. 7 (citing *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (a court may *sua sponte* dismiss for lack of jurisdiction)).] Calhoon subsequently filed the FAC, which added Defendant State of California and alleged federal

question jurisdiction because the case brought claims under 42 U.S.C. § 1983. [FAC at 8.] For the following reasons, the Court again **DISMISSES** the FAC *sua sponte* for lack of jurisdiction.

The FAC's allegedly federal claims arise under § 1983 for: (1) violation of the First Amendment by the Orchards and Doe Defendants; and (2) violation of the Fourth Amendment by all Defendants. [FAC at 10–13.] The remaining claims are state-based claims that do not give rise to federal jurisdiction. [*See id.* at 13– (claims for defamation, false light, and interference with existing prospective business relations).]

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012). "Action under color of state law normally consists of action taken by a public agency or officer." *Taylor v. First Wyoming Bank, N.A.*, 707 F.2d 388, 389 (9th Cir. 1983). A private party's action, without something more, is insufficient to characterize that party as a state actor. However, "[a] private action may constitute an action under color of state law if the private person wilfully participates in joint action with the state or its agents," or "if it constitutes the exercise of some power delegated to the private person by the state which is traditionally associated with sovereignty or is traditionally exclusively reserved to the state." *Id.* at 389–90 (internal quotation marks and alterations omitted).

Calhoon claims that the Orchards and Doe Defendants are "state actors" for purposes of § 1983 because the Orchards "accept[] Section 8 tenants—they are state sponsored suppliers of low-income housing." [FAC at 10.] But receipt of government funding or compliance with generally applicable laws, without more, is insufficient to constitute state action. *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1013 (9th Cir. 2020); *see also Kabbani v. Council House, Inc.*, 406 F. Supp. 2d 1189, 1193 (W.D. Wash. 2005) ("Not every private entity that provides Section 8 housing is a state actor.")

As to Calhoon's claims against the State of California, the U.S. Supreme Court held long ago that states and state agencies are not "persons" within the meaning of Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *see also Gardner v. Rodriguez*, No. 24-2418, 2026 WL 1122109, at *1 (9th Cir. Apr. 24, 2026) ("The district court did not err in dismissing Gardner's Section 1983 claim because State Defendants are not 'persons' subject to suit under Section 1983."), *petition for certiorari docketed August 31, 2026* (No. 26-307).

The Court thus **DISMISSES** the FAC under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Despite the Court's prior order to show cause and the opportunity to file an amended claim, Calhoon still has not carried his burden of establishing federal subject matter jurisdiction. It also appears that—given the Orchards where the alleged events took place is located in the Central District of California—venue would be proper there and not here in the Southern District of California.

**IT IS SO ORDERED**.

Dated: October 20, 2026

Hon. Cathy Ann Bencivengo
United States District Judge